UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REDFISH KEY VILLAS CONDOMINIUM
ASSOCIATION, Inc., a Florida
not-for-profit corporation,

        Plaintiff,

vs.                          Case No. 2:13-cv-241-FtM-29UAM

AMERISURE INSURANCE COMPANY, a
Michigan corporation,

        Defendant,
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's Complaint as to Count II (Doc. #10, p. 6)[1]. Plaintiff filed a Response to Motion to Dismiss Count II (Doc. #16). For the reasons stated below, the motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support

---

[1] The Motion to Dismiss Count II is improperly incorporated with defendant's Answer and Affirmative Defenses (Doc. #10, p. 1) to Count II, but will nonetheless be considered.

are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

Plaintiff is a Florida not-for-profit incorporated condominium association (Association) that operates a condominium building, Redfish Key Villas Condominium (Condominium). (Doc #2, ¶ 1.) Defendant is a Michigan insurance corporation (Insurer) that regularly conducts business in Florida. (Id., ¶ 2.) Taking all allegations in the Complaint as true, on or about June 24, 2005, the developer Redfish Key, LLC (Developer) entered into a construction contract with the contractor DooleyMack Constructors, Inc. (Contractor) who agreed to furnish all labor, services, and materials for the construction and repairs of a 35-unit residential condominium in Englewood, Florida. (Id., ¶¶ 6-7.) As part of the construction contract, the Contractor agreed to purchase and maintain a general liability insurance policy. (Id., ¶¶ 8, 9.)

On October 1, 2006, the Contractor purchased such a policy from the Insurer (the Policy), which covered the Contractor for all relevant times during this dispute. (Id., ¶¶ 11-13.)

Around early 2010, the Association, through its members and owners, noticed several leaks originating from defects in the windows of the condominium that are alleged to have been caused prior to the Developer's turnover and while the Policy was in effect. (Id., ¶¶ 15, 17-19.) After attempting to reseal the windows, the water intrusion continued and the stucco started "delaminating". (Id., ¶¶ 19,20.) On February 9, 2011, the Association sent the original Contractor a "Construction Defect Claim Notice" pursuant to Section 558.004, Florida Statute. (Doc. #2, ¶ 21.) The Contractor did not make repairs, investigate, or otherwise respond to the demands of the Association. (Id., ¶ 25.) On July 21, 2012, the Association paid another contractor $202,902.97 to have the condominiums repaired. (Id., ¶¶ 28-31.)

On February 6, 2012, before the repairs were completed, the Association filed a two-count complaint in Charlotte County Circuit Court against the Contractor for a breach of implied warranty. (Id., ¶ 32.) Although the Contractor's counsel filed a notice of appearance on February 16, 2012, neither the Contractor nor its counsel filed any further pleadings, motions, or documents in the suit. (Id., ¶¶ 34-35.) On August 17, 2012, the state court entered a Final Default Judgment against the Contractor for damages

3

equaling the cost of the repairs made for the remedial construction work, which Judgment was recorded. (Id., ¶ 41.)

On November 2, 2012, counsel for the Association received an email from the claims supervisor of the Insurer, inquiring about any claims the Association might have against the Contractor. (Id., ¶¶ 43-44, 47.) The same day the Association responded with all requested information and inquired into the procedure whereby the Association would receive payment from the Insurer based upon the default judgment against the Contractor. (Id., ¶ 47.) On February 8, 2013, the Insurer denied coverage under the general liability policy based on the Contractor's failure to provide notice of the claim to the Insurer. (Id., ¶ 49.)

The Association now brings this two-count Complaint seeking declaratory relief as to its rights (Count I), as well as damages due to the Insurer's material breach of its duty to the Association as a third party beneficiary of the Policy (Count II). (Id., ¶¶ 50-53.) The Insurer's Motion to Dismiss Count II asserts that it fails to state a claim upon which relief can be granted. (Doc. #10, p.6.)

### III.

The pleading requirements for a breach of contract claim by a third party beneficiary are well established.

> A cause of action for breach of contract brought by a third party beneficiary must include the following allegations: 1) the existence of a contract, 2) the clear or manifest intent of the contracting parties that the

4

> contract primarily and directly benefit the third party, 3) breach of the contract by a contracting party, and 4) damages to the third-party resulting from the breach. Jenne v. Church & Tower, Inc., 814 So. 2d 522, 524 (Fla. 4th DCA 2002); Jacobson v. Heritage Quality Constr. Co., 604 So. 2d 17 (Fla. 4th DCA 1992), review dismissed, 613 So. 2d 5 (Fla. 1993). A non-party is the specifically intended beneficiary only if the contract clearly expresses an intent to primarily and directly benefit the third party or a class of persons to which that party belongs. Aetna Cas. & Sur. Co. v. Jelac Corp., 505 So. 2d 37 (Fla. 4th DCA 1987); Security Mut. Cas. Co. v. Pacura, 402 So. 2d 1266 (Fla. 3d DCA 1981). To find the requisite intent, it must be established that the parties to the contract actually and expressly intended to benefit the third party; it is not sufficient to show only that one of the contracting parties unilaterally intended some benefit to the third party. Clark & Co. v. Department of Ins., 436 So. 2d 1013, 1016 (Fla. 1st DCA 1983).

Biscayne Inv. Grp., Ltd. v. Guarantee Mgmt. Servs., Inc., 903 So. 2d 251, 254 (Fla. 3d DCA 2005). The focus in this case is on the second element, i.e. the intent of the contracting parties, and essentially raises the question of whether all liability insurance policies in Florida are inherently third party beneficiary contracts which do not require further pleading in order for the third party to establish standing to sue an insurer.

The Florida Supreme Court has determined that an injured third party may maintain a cause of action against an insurer as an intended third party beneficiary under a liability insurance policy. Shingleton v. Bussey, 223 So. 2d 713 (Fla. 1969). The Court found "by operation of law" an intent to benefit injured third parties, and thus render the "liability insurance amenable to the third party beneficiary doctrine." Id. at 716. This principle

5

was extended to "other forms of liability insurance" in <u>Beta Eta House Corp., Inc. of Tallahassee v. Gregory</u>, 237 So. 2d 163, 165 (Fla. 1970). The Florida Legislature thereafter imposed a condition precedent to such a third party suit against an insurer. Under Florida's nonjoinder statute, it is "a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy." Fla. § 627.4136(1). In this case, plaintiff has complied with that condition precedent. By operation of law, the Policy in this case gives plaintiff standing to sue. Therefore, Count II is sufficiently pled.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Plaintiff's Complaint as to Count II (Doc. # 10) is **DENIED.** Defendant shall file its Answer to Count II within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this  9th  day of January, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record