## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

REDFISH KEY VILLAS
CONDOMINIUM ASSOCIATION,
INC., a Florida not-for-profit
corporation,

      Plaintiff,

v.                                                    Case No:   2:13-cv-241-FtM-29CM

AMERISURE INSURANCE
COMPANY,

      Defendant.

_____

### ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Protective Order Regarding Defendant's Subpoenas for Depositions of Counsel, Gregg W. McClosky and Kristin J. Mentzer and Motion to Quash Subpoenas (Doc. #46) filed on January 28, 2014.   As the depositions are currently set to take place on February 4, 2014, the Court ordered an expedited response from Defendant, which was filed on January 30, 2014 (Doc. #48).

### BACKGROUND

This case involves the Plaintiff, Redfish Key Villas Condominium Association, Inc.'s ("Association") insurance coverage claims related to alleged construction defects suffered by the Association as a result of work performed by or on behalf of Defendant, Amerisure Insurance Company's ("Amerisure"), insured and/or its subcontractors. Initially, the Association filed a lawsuit against Amerisure's insured, DooleyMack

Constructors, Inc. a/k/a Gulf Coast Project Services, Inc. ("DooleyMack") and obtained a final default judgment against DooleyMack in state court ("the underlying litigation").

On March 11, 2013, Plaintiff filed a two-count Complaint against Amerisure seeking a declaratory judgment and for breach of contract, which was removed to this Court by the Defendant.   (Doc. #2).   Plaintiff's alleged basis of recovery is that it is a third-party beneficiary of the insurance policy between Amerisure and DooleyMack and that Amerisure breached its duty to DooleyMack, and thus the Association, to pay the amount of the final judgment.   (Doc. #2, ¶¶ 69-70).

In the course of discovery in this matter, Defendant issued Amended Notices of Taking Deposition Duces Tecum of Gregg W. McClosky and Kristin J. Mentzer, scheduling the depositions for February 4, 2014, over the objections of Plaintiff's counsel.   Mr. McClosky and Ms. Mentzer are attorneys of record in this case for Plaintiff.   They also served as counsel for the Association in the underlying litigation against DooleyMack.   The Association moves for the entry of a protective order and to quash the deposition subpoenas, asserting that the communications between counsel and any representative or agent of the Association is protected under attorney-client privilege.   Specifically, Plaintiff argues that the relationship between the Association and their counsel has been centered on litigation concerning construction defects since the inception of their relationship in the underlying litigation, through the current case.

In response, Defendant acknowledges that privileged matter is not discoverable but indicates that it intends to depose Mr. McClosky and Ms. Mentzer regarding their actions or inactions in the underlying litigation concerning facts that make up the basis of this lawsuit, which it argues is relevant and discoverable. Specifically, Defendant states that it was developed in this case, through the deposition testimony of Amerisure's corporate representative, Kyle Summer, that Mr. Summer made numerous efforts to inquire of its insured, DooleyMack, and the attorneys for the Association (Mr. McClosky and Ms. Mentzer) as to the basis and status of the claims.   Amerisure alleges that its representatives, as documented in the claim log notes, requested documentation from both DooleyMack and counsel for the Association no less than 15 times between April 2011 and November 2012. Amerisure asserts that despite these repeated requests, DooleyMack did not provide Amerisure with documentation about the claim until October 2012.   And according to Mr. Summer's testimony, the Association, through the attorneys at Mr. McClosky's firm, never responded to multiple voicemail messages left by Amerisure's adjuster until November 2, 2012, after final default had been entered on April 9, 2012, against DooleyMack in the underlying litigation.   The Association alleges in its Complaint that the November 2, 2012 exchange of email correspondence between Mr. Summer and Ms. Mentzer, "was the first indication or notice to the Association regarding any insurance policy of DooleyMack."   (Doc. #2, ¶45).   The Association further claims in its Complaint that it "did not have an opportunity to undergo a substantive discovery process and determine whether any insurance policy could potentially cover the

Association's claim against DooleyMack."   Id. at ¶ 46.   Plaintiff's also asserts that there was no material prejudice to Amerisure as a result of any delay in notice of claim to Amerisure.   Id. at ¶ 56.

Amerisure notes that according to its records, neither the Association, Mr. McClosky, Ms. Mentzer, nor any representative of DooleyMack or the Association advised Amerisure that a lawsuit had been filed, a motion or default submitted, or a final judgment entered in the underlying litigation until Ms. Mentzer emailed Mr. Summer on November 2, 2012.   As a result, Amerisure issued a reservation of rights letter, denied coverage to DooleyMack, and advised the Association that it would not be paying anything on the claim due to lack of coverage for DooleyMack under the policy.

## DISCUSSION

A non-party may move to quash a subpoena pursuant to Federal Rule of Civil Procedure 45(d) and may move for a protective order pursuant to Federal Rule of Civil Procedure 26(c).   Pursuant to Rule 45, the "court for the district where compliance is required must quash[1] or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."   Fed. R. Civ.

---

[1] The Court notes that, pursuant to recent amendments to Federal Rule of Civil Procedure 45, Plaintiff could have filed this Motion in the Southern District of Florida where compliance is required, as the depositions are to take place in Boca Raton, Florida.   See Fed. R. Civ. P. 45(d)(3)(A).   This Court was the issuing court for the subpoenas.   Accordingly, in the interest of the efficient adjudication of this case within the deadlines imposed by this Court, the Court will decide the issues raised in the instant Motion.

P. 45(d)(3)(A).   Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."   "Rule 26(c) gives the district court discretionary power to fashion a protective order.   The decision does not depend upon a legal privilege." Farnsworth v. Procter & Gamble, Co., 758 F.2d 1545, 1548 (11th Cir. 1985).

The burden of proof in showing that compliance with the subpoena will result in the disclosure of privileged or protected information lies with the moving party. The person asserting a privilege or protection against production must: "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."   Fed. R. Civ. P. 45(e)(2)(A).[2]   To support its claim, Plaintiff cites Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), which sets forth the circumstances under which a court may order the taking of opposing counsel's deposition.   The Shelton court found that the circumstances under which opposing trial counsel may be deposed "should be limited to where the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is

---

[2] The instant Motion was filed by attorneys McCloskey and Mentzer on behalf of the Association, not on their own behalf, even though the subpoenas were directed to the attorneys, not the Association.   "Ordinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a personal right or privilege relating to the [discovery] being sought."   Maxwell v. Health Ctr. of Lake City, Inc., No. 3:05-cv-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006).   The Association is asserting that the information sought is privileged and therefore may seek the protection that Rule 45 affords to non-parties.

crucial to the preparation of the case." Id. at 1329.  "[T]he three Shelton criteria apply to limit deposition questions of attorneys in only two instances: (1) when trial and/or litigation counsel are being deposed, and (2) when such questioning would expose litigation strategy in the pending case."  United States v. Philip Morris, Inc., 209 F.R.D. 13, 17 (D. D.C. 2002).

In this case, Amerisure's discovery requests do not appear to be geared toward learning attorney thought processes and strategy as they pertain to this case, but as they pertain to the underlying litigation.  Further, Amerisure has made a showing that it has no other way to discover the facts and circumstances surrounding the office practices of Mr. McClosky and Ms. Mentzer relative to the handling of the phones calls received by Mr. Summer and emails other than asking them directly. Amerisure asserts that the issues to be developed include whether they actually received the calls, returned the calls, or made other calls to Amerisure before the final judgment was obtained in the underlying case.   Plaintiff may object to any questions that it believes elicits attorney-client privileged information.

With regard to whether the material sought is relevant, the Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).   In defense of this lawsuit, Amerisure has asserted as its Fourth Affirmative Defense that DooleyMack failed to cooperate and/or otherwise comply with the terms and conditions of the insurance policy at issue by failing to timely notify Amerisure of the lawsuit filed by the Association and that it was prejudiced by

this failure.   (Doc. #10).   Thus, it asserts that the facts and circumstances surrounding Amerisure's attempts to contact Mr. McClosky and Ms. Mentzer during the underlying claims process are necessary in order to rebut Plaintiff's assertion that it had no opportunity to discover insurance information and/or that Amerisure was not prejudiced by the late notice.   Therefore, Amerisure states that it intends to ask Mr. McClosky and Ms. Mentzer at their depositions whether they had any communications with Amerisure that are not reflected in Amerisure's file and log notes.   Plaintiff responds that Mr. Summer's attempts to communicate with Mr. McClosky are not at issue in this case nor in dispute and that any references and descriptions as to those pre-lawsuit communications are set forth in Amerisure's log notes.

Amerisure asserts that the policy with DooleyMack required DooleyMack to provide Amerisure with notice of a lawsuit "as soon as practicable."   Under Florida law, if the insured breaches the notice provision, prejudice to the insurer will be presumed. Bankers Inc. Co. v. Macias, 475 So.2d 1216, 1218 (Fla. 1985).   This presumption may be rebutted by the insured "showing that the insurer has not been prejudiced by the lack of notice." Id.   Thus, the Court finds that the testimony of Mr. McClosky and Ms. Mentzer could lead to information relevant to the claims raised in Plaintiff's Complaint, as well as the defenses raised by the Defendant and cannot be obtained from any other sources.   Mr. Summer's testimony only provides part of the facts and circumstances surrounding the communications.   Thus, as Amerisure asserts it does not intend to depose regarding legal theories and strategies

in this case, but only with regard to their actions or inactions in the underlying litigation that constitute the facts which make up the basis of the instant lawsuit, the request to quash the subpoena is due to be denied.   Any claims of privilege may be raised by counsel in the depositions.[3]

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Protective Order Regarding Defendant's Subpoenas for Depositions of Counsel, Gregg W. McClosky and Kristin J. Mentzer and Motion to Quash Subpoenas (Doc. #46) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of February, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[3] While the Court is confident that the parties can work together to resolve any issues that may arise in the depositions regarding the objections raised, should the parties require, Court intervention is available.