UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REDFISH KEY VILLAS
CONDOMINIUM ASSOCIATION,
INC., a Florida not-for-profit
corporation,

      Plaintiff,

v.                                                                    Case No:   2:13-cv-241-FtM-29CM

AMERISURE INSURANCE
COMPANY,

      Defendant.

_____

## ORDER

Before the Court is Plaintiff's Motion to Compel Documents and Privilege Log and Overrule Objections to Plaintiff's First Request for Production and for Attorneys' Fees and Costs (Doc. 44, "Motion to Compel") filed on January 22, 2014, and Defendant's Response (Doc. 53) filed on February 5, 2014.   Also before the Court is Plaintiff's Motion for *In Camera* Review of Defendant's Documents Set Forth in Defendant's Privilege Log (Doc. 54, "Motion for *In Camera* Review") filed on February 13, 2014, and Defendant's Response (Doc. 55) filed on February 25, 2014.[1]   For the

---

[1] The Court notes that the Motion for *In Camera* review did not include a certification required by Middle District of Florida Local Rule 3.01(g) that counsel conferred with the opposing counsel in an effort to resolve the issues raised without Court intervention, but given the posture of the case and the fact that Amerisure filed a response, the Court will rule on the Motion.

reasons stated herein, the Motion to Compel is granted in part and the Motion for *In Camera* Review is denied.

## I.    Background

This case involves the Plaintiff, Redfish Key Villas Condominium Association, Inc.'s ("Association") insurance coverage claims related to alleged construction defects suffered by the Association as a result of work performed by or on behalf of Defendant Amerisure Insurance Company's ("Amerisure") insured DooleyMack Constructors, Inc. a/k/a Gulf Coast Project Services, Inc. ("DooleyMack").   In February 2011, the Association gave DooleyMack notice of its construction defect claim.   Doc. 2 at ¶ 21.   DooleyMack advised Amerisure of the Association's notice of construction defect claim in April 2011.   Doc. 48 at 2.

After DooleyMack failed to make the necessary repairs, the Association hired another contracting firm who performed the work.   Doc. 2 at ¶ 27-30.   On February 6, 2012, the Association filed a lawsuit against DooleyMack in state court for breach of implied warranties, and obtained a final default judgment on August 17, 2012 ("the underlying litigation").   Doc. 2 at ¶¶ 32, 41.   The Association later learned that DooleyMack held general liability insurance with Amerisure ("Policy"), and requested coverage on November 2, 2012.   *Id.* at ¶ 45-47.   Amerisure denied coverage on February 8, 2013.   *Id.* at ¶ 49.

On March 11, 2013, the Association filed a two-count Complaint against Amerisure for breach of contract and a declaratory judgment, which was removed to this Court by Defendant.   Docs. 1, 2.   The Association's alleged basis of recovery is

that it is an intended third-party beneficiary of the insurance policy between Amerisure and DooleyMack under Florida law and that Amerisure breached its duty to DooleyMack, and thus the Association, to pay the amount of the final default judgment.   *Id.* at ¶¶ 69-70.

The Association served a Request for Production of Documents on Amerisure, containing 12 requests (Doc. 44-3), and Amerisure responded in part, by producing documents and otherwise asserting work-product privilege and other objections. Doc. 44-4.   The Association moves to compel production of documents and a privilege log with respect to Request Nos. 1, 3, 4, 5, 7, 8, 9, 10, 11, and 12.   In response to the Motion to Compel, Defendant provided a privilege log to the Association on February 3, 2014 (Doc. 53-2), after which Plaintiff filed its Motion for *In Camera* Review of the documents listed on the privilege log to determine if the documents should be produced.

Discovery closed on February 28, 2014 (Doc. 22), but has been extended to May 9, 2014, for the limited purpose of allowing the deposition of one witness and for the parties to comply with any orders entered by the Court regarding these two outstanding discovery motions.   Doc. 59 (also extending the dispositive motion deadline to June 9, 2014).   Trial is set on the November 2014 trial term.   Doc. 22. Accordingly, the Motions are timely.

## II.   Plaintiff's Motions

The Motion to Compel states that the Association seeks an order overruling Amerisure's objections and compelling it to produce documents responsive to all 12

requests, and an award of attorney's fees and costs in bringing the Motion.   Doc. 44 at 5.   Amerisure states that the parties last met and conferred in October 2013 regarding the work-product privilege objections (Request Nos. 1, 3, 4, 9, 10, 11, and 12), after which Amerisure produced other responsive documents.[2]   Doc. 53-3.   In particular, with regard to Request Nos. 5, 7, and 8, where objections other than privilege were made, Amerisure asserts that it produced responsive documents. Amerisure states that since that time, no further communications occurred regarding these requests until Plaintiff requested a privilege log.   After the Motion to Compel was filed Defendant produced the following privilege log, covering 17 pages of documents:

| Document/description | Pages/date | Objection |
|---|---|---|
| Internal Amerisure emails and correspondence dated May 5, 2011 | 1 page, 3 emails | Work-product and attorney-client privilege |
| Internal Amerisure emails and correspondence dated May 5, 2011 through August 3, 2011 | 2 pages, 5 emails | Work-product and attorney-client privilege |
| Internal Amerisure coverage analysis memos dated December 18, 2012, through January 25, 2013 | 11 pages, 3 coverage memos | Work-product and attorney-client privilege |
| Internal claim/log notes of Amerisure dated | 3 pages, 16 entries | Work-product and attorney-client privilege |

---

[2] In fact, the e-mail correspondence shows that Plaintiff agreed to limit the scope of Request No. 3, although the Motion to Compel contains the wording of the original, broader request. Doc. 53-3.

| November 2, 2012, through February 20, 2013 | | |
|---|---|---|

Doc. 53-2.

In support of its invocation of the work-product privilege, Defendant has filed the Affidavit of Phyllis Meier, Liability Corporate Claim Consultant for Amerisure ("Affidavit").[3]   Doc. 55-1.   The Association has offered nothing to refute the statements contained in the Affidavit.

### III.   Analysis

#### a.   Privilege Objections and *In Camera* Review

Amerisure invoked the work-product privilege in response to Request Nos. 1, 4, 9, 10, 11, and 12, and then identified in its privilege log the responsive documents that were withheld.   The work-product privilege protects against the disclosure of documents that are prepared in anticipation of litigation "by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."   Fed. R. Civ. P. 26(b)(3)(A).   The party asserting its protection bears the burden of establishing the application of the doctrine.   *See Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990) (citing *BarclaysAmerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984)).   "When a party withholds information otherwise discoverable by claiming the information is privileged . . ., the party must: (i) expressly make the claim; and (ii) describe the

---

[3] Amerisure's response to the Motion for *In Camera* review only advances a work-product privilege argument in opposition.

nature of the documents, communications or tangible things not produced or disclosed[.]" Fed. R. Civ. P. 26(b)(5)(A).

The work-product doctrine only protects documents "generated based on the anticipated probability that litigation will follow at the time the documents were drafted." *Place St. Michel, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 06-21817-CIV-LENARD/TORRES, 2007 WL 1059561, at *2 (S.D. Fla. Apr. 4, 2007). The language "anticipation of litigation" has been construed to mean "not necessarily imminent ... as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Lockheed Martin Corp. v. L-3 Commc'ns Corp.*, No. 6:05-cv-1580-Orl-31KRS, 2007 WL 2209250, at *8-9 (M.D. Fla. July 29, 2007) (quoting *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981)). Further, work-product materials may nevertheless be discovered if a party shows that it has a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

In this case, the record reveals that DooleyMack advised Amerisure of the Association's notice of construction defect claim in April 2011, and the underlying litigation later commenced in February 2012. Doc. 48 at 2. The Affidavit supports Amerisure's position that the primary motivating purpose behind the creation of the 14 pages of documents identified as "coverage analysis memos" (dated December 18, 2012–January 25, 2013) and "internal claim/log notes" (dated November 2, 2012–February 20, 2013), was to aid in litigation, as they were created after Amerisure was

aware of the default judgment in the underlying litigation. Specifically, the documents pertain to what action Amerisure should take as a result of the default judgment. *Id.* at ¶¶ 6-7. The Affidavit further states that the coverage analysis memos include the opinions and thought processes of an in-house attorney for Amerisure, Anastasia Gale. *Id.* at ¶ 6. Thus, the Court finds that these categories of documents will be afforded protection under the work-product doctrine based upon the information provided by Amerisure. Because the privilege log and the Affidavit provide enough information for the Court to determine the applicability of the privilege, the Court will not conduct an *in camera* review of the documents.

The remaining category of documents listed in the privilege log is "internal Amerisure emails and correspondence dated May 5, 2011, [and] May 5, 2011 through August 3, 2011." Doc. 53-2. The Affidavit states that these three pages of documents contain opinions and thought processes of Amerisure employees Kyle Summer and Michael Lutgen regarding issues of insurance coverage for the Association's construction defect claim. Doc. 55-1 at ¶ 5. The Court finds that these internal Amerisure emails and correspondence are not protected by the work-product privilege because there is no indication that they concern anything more than a routine claim investigation conducted in the normal course of business by two non-attorneys within Amerisure over one year before the underlying litigation. *See Cutrale Citrus Juices USA, Inc. v. Zurich Am. Ins. Grp.*, No. 5:03-cv-420-Oc-10GRJ, 2004 WL 5215191, at *2 (M.D. Fla. Sept. 10, 2004) (stating that "[t]he work product doctrine was not intended to protect from general discovery materials prepared in the

ordinary course of business such as factual investigations prepared by insurance companies"). Numerous courts have held that documents constituting a factual inquiry of a claim undertaken by an insurance company to make a claim decision are not work product. *See id.* (collecting cases). Thus, the Court will overrule Amerisure's privilege objections and order Amerisure to produce the documents in this category.

### b.  Other Objections

The Court will now address the objections asserted by Amerisure other than work-product privilege to Request Nos. 1, 3, 5, 7, 8, 9, 10, 11, and 12:

> 1. A copy of your entire file, including any and all correspondence, for the following policy(ies):
>
>    Insured: Dooley & Mack Contractors
>    Project: Redfish Key Villas on Lemon Bay ("Project")
>    Policy No.: GL 2015083 (and related policies) (collectively "Policy")
>    Policy Period: 10/1/06 - 10/1/11
>
>    **RESPONSE**: Objection, work-product privilege and vague and ambiguous.

The Court overrules Amerisure's objection that the request is vague and ambiguous. The request specifically sets forth the details regarding the file, including the policy number and policy period; therefore, Amerisure shall produce any non-privileged, responsive documents.

> 3. All correspondence between you and any agent or representative of DooleyMack from January 1, 2005 through the date you respond to this Request.
>
>    **RESPONSE**: Objection, overbroad.

The parties have conferred regarding this request and the Association agreed to limit the scope of the request to "any correspondence between Amerisure and any agent or representative of DooleyMack which in any way relates to the damages/claim/558 notice/lawsuit of Redfish Key Villas Condominium Association, Inc." Doc. 53-3.  Amerisure produced documents responsive to this revised request (*see id.*); thus, the Motion to Compel Request No. 3 is moot.

> 5. All documents that record, reflect, refer or relate to the intended beneficiaries of the policy.
>
> > **RESPONSE**: Objection, vague and ambiguous as to the term "intended beneficiary."  Without waiving said objection, see the Policy attached in response to paragraph 2, which speaks for itself.

While the Court acknowledges that the Policy speaks for itself regarding the stated beneficiaries under the contract, the Association has alleged that it is an intended third-party beneficiary under the Policy, which Amerisure has denied. Doc. 2 at ¶ 51, Doc. 10 at ¶ 51.  This issue goes to the heart of the matter in Count II of the Complaint, and Amerisure previously has briefed and argued this issue in its motion to dismiss Count II.  Doc. 10 at 6-8.  Therefore, the Court overrules Amerisure's objection that the term is "vague and ambiguous."  Amerisure shall produce any non-privileged, responsive documents pertaining to the Association and/or any other intended third-party beneficiary with respect to the allegations in the complaint and/or the Association's coverage under the Policy.

7. All documents that record, reflect, refer or relate to any alleged prejudice that you suffered as a result of any alleged delay in notice to Amerisure of any claim under the Policy.

   **RESPONSE**: Objection, overbroad.   Without waiving said objection, see the documents produced in response to paragraphs 2 and 4.

The Court finds that this request is overbroad because it requests documents regarding *any* claim made under the Policy, not just the Association's claim.   Thus, Amerisure must only produce documents responsive to this request that record, reflect, refer, or relate to any alleged prejudice that Amerisure suffered as a result of any alleged delay in notice to Amerisure of the Association's claim under the Policy.

8. All documents that record, reflect, refer or relate to any defenses, including affirmative defenses that you may raise in this lawsuit.

   **RESPONSE**: Objection, overbroad.   Without waiving said objection, see the documents produced in response to paragraphs 2 and 4.

The Court finds that this request is not overbroad because it specifically requests documents related to the eight affirmative defenses asserted by Amerisure. Doc. 10.   Accordingly, Defendant's objection is overruled, and Amerisure shall produce any non-privileged, responsive documents.

9. All documents that record, reflect, refer or relate to your decision to deny coverage for the Association's claim, Claim No. 1222183, including internal correspondence and correspondence to or from your insured, DooleyMack.

   **RESPONSE**: Objection, overbroad and work-product privilege. Without waiving said objections, see the documents produced in response to paragraphs 2 and 4.

The Court finds that this request is not overbroad and goes to the heart of the matter.   Accordingly, Defendant's objection is overruled, and Amerisure shall produce any non-privileged, responsive documents.

10. All documents that record, reflect, refer or relate to your general policies and procedures for deciding whether to deny a claim.

   **RESPONSE**: Objection, work-product privilege and not reasonably calculated to lead to the discovery of admissible evidence.

The Court finds that these documents are relevant to the Association's allegation that Amerisure improperly denied coverage under the terms of the Policy. Doc. 2 at ¶¶ 54-55. Accordingly, Defendant's objection is overruled, and Amerisure shall produce any non-privileged, responsive documents.

11. All documents that record, reflect, refer or relate to your policies, procedures and guidelines for deciding whether to deny a claim based on delayed notice of the claim.

   **RESPONSE**: Objection, work-product privilege and not reasonably calculated to lead to the discovery of admissible evidence.

The Court finds that these documents are relevant to the Association's allegation that Amerisure improperly denied coverage under the terms of the Policy. Doc. 2 at ¶¶ 54-55. Accordingly, Defendant's objection is overruled, and Amerisure shall produce any non-privileged, responsive documents.

12. All documents in your possession or accessible to you that record, reflect, refer or relate to the Association, including all documents that mention Redfish in any manner.

   **RESPONSE**: Objection, overbroad and work-product privilege. Without waiving said objections, see the documents produced in response to paragraphs 2 and 4.

The Court finds that this request is not overbroad because it specifically requests documents regarding the Association. Accordingly, Defendant's objection is overruled, and Amerisure shall produce any non-privileged, responsive documents.

## IV.    Attorney's Fees and Costs

The Association moves for an award of attorney's fees and costs incurred in bringing the Motion to Compel.   No further argument is included and an amount of attorney's fees and costs incurred is not stated.

Pursuant to Federal Rule 37, if a motion to compel is granted, the prevailing party may be awarded "reasonable expenses incurred in making the motion, including attorney's fees."   Fed. R. Civ. P. 37(a)(5)(A).   However, a court must not award fees and costs if the movant filed the motion before attempting in good faith to obtain the discovery without court action or the opposing party's nondisclosure was substantially justified.   *Id.*

In this case, the Court finds that Amerisure has cooperated in discovery regarding the requests at issue in the Motion to Compel and the Affidavit shows that their position regarding non-disclosure was substantially justified.   Therefore, the request for attorney's fees and costs is denied.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiff's Motion to Compel Documents and Privilege Log and Overrule Objections to Plaintiff's First Request for Production and for Attorneys' Fees and Costs (Doc. 44) is **GRANTED in part and DENIED in part**.   The Motion is **GRANTED** to the extent that Amerisure shall produce documents as set forth in this Order by **April 11, 2014.**   The Motion is otherwise **DENIED.**

2.      Plaintiff's Motion for *In Camera* Review of Defendant's Documents Set

Forth in Defendant's Privilege Log (Doc. 54) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of April, 2014.


CAROL MIRANDO
United States Magistrate Judge


Copies:
Counsel of record